Paul T. Moxley (2342)
Kimberley L. Hansen (11663)
PARSONS KINGHORN HARRIS
*A Professional Corporation*
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:     (801) 363-4300
Facsimile:      (801) 363-4378

Case: 2:11-mc-00302
Assigned To : Benson, Dee
Assign. Date : 03/29/2011
Description: Security Service Federal Cr
edit Union v. First American Mortgage Fu
nding

Attorneys for Kenneth North and Aspen Mortgage, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITY SERVICE FEDERAL CREDIT UNION,<br><br>          Plaintiff,<br>vs.<br><br>FIRST AMERICAN MORTGAGE FUNDING, LCC, et al.,<br><br>          Defendants. | **MOTION TO QUASH OR MODIFY AND/OR MOTION FOR PROTECTIVE ORDER RE: SUBPOENA DUCES TECUM TO ASPEN MORTGAGE, INC.**<br><br>Civil No. 08-cv-00955-WYD-CBS |

Cross-Claim Defendant Kenneth North ("**Mr. North**") and Aspen Mortgage, Inc.,

through counsel and pursuant to Rules 26(c), 30(b)(6), and 45 of the Federal Rules of Civil

Procedure, hereby move the Court to quash or modify the Subpoena Duces Tecum to Testify at a

Deposition in a Civil Action issued to Aspen Mortgage, Inc. and/or issue a protective order

postponing the deposition of Aspen Mortgage, Inc..  The grounds for this motion, as set forth

more fully in the *Memorandum in Support of Motion to Quash or Modify and/or Motion for*

*Protective Order re: Subpoenas Duces Tecum to Kenneth North, Sundance Mortgage, LLC, The*

*Artisan Group, LLC, New Century Builders, Inc., and Aspen Mortgage, Inc.* filed contemporaneously herewith, are that Mr. North individually and as the Rule 30(b)(6) designee of Sundance Mortgage, LLC, The Artisan Group, LLC, New Century Builders, Inc., and Aspen Mortgage, Inc. retained counsel who only learned on March 28, 2011, two days before the first scheduled deposition, that they had a conflict of interest and could not represent Mr. North in this matter.

Mr. North has retained new counsel as of March 29, 2011, but the first Deposition is scheduled to begin on March 30, 2011 at 9:00 a.m. Pursuant to Rules 26(c) and 45(c)(3), the Court can quash, modify, or issue a protective order for a subpoena or discovery which subjects a person to undue burden. Mr. North and Aspen Mortgage, Inc. request that the subpoena be quashed or modified or that a discovery protective order be entered postponing the Depositions for at least thirty (30) days to allow new counsel to familiarize themselves with this matter and prepare for the Depositions. If the Depositions go forward as scheduled on March 30, 2011, March 31, 2011, and April 1, 2011, it will oppress and cause undue burden or expense to Mr. North. Pursuant to Fed. R. Civ. P. 26(c), counsel for Mr. North has in good faith conferred with counsel for third party defendant Stewart Title of California, Inc., the party that issued the subpoenas for the Depositions at issue, in an effort to resolve this issue without Court involvement, but to no avail.

Mr. North and Aspen Mortgage, Inc. respectfully move the Court to grant this Motion and postpone Aspen Mortgage, Inc.'s Deposition for at least thirty (30) days. In the event that

{00117229.DOCX / }

the Motion is not summarily granted, Aspen Mortgage, Inc. requests oral argument on the

Motion.

DATED this 29th day of March, 2011.

PARSONS KINGHORN HARRIS
*A Professional Corporation*

Paul T. Moxley
Kimberley L. Hansen
Attorneys for Kenneth North and
Aspen Mortgage, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of March, 2011, a true and correct copy of the foregoing **MOTION TO QUASH OR MODIFY AND/OR MOTION FOR PROTECTIVE ORDER RE: SUBPOENA DUCES TECUM TO ASPEN MORTGAGE, INC.** was hereby served via e-mail and United States mail, postage prepaid, as follows:

| | |
|---|---|
| Austin D. Garner<br>Smith Dollar PC<br>404 Mendocino Avenue, 2nd Floor<br>Santa Rosa, CA  95401<br>*Attorneys for plaintiff/Counterclaim*<br>*Defendants Security Service Federal Credit Union* | Martin A. Bloom<br>Bloom Murr & Accomazzo, P.C.<br>410 17th Street, Suite 2400<br>Denver, CO  80202<br>*Attorneys for FAM Defendants/Third Party Plaintiff*<br>*FAM Funding/Cross Claim Plaintiffs FAM Funding,*<br>*FAM, CDS, Kevin B. Jordan, William DePuy, Shaun*<br>*Jordan, Mark Campbell, and Jeffrey*<br>*Jordan/Counterclaim Plaintiffs FAM Funding, DCS, and*<br>*Kevin B. Jordan* |
| Dennis Kaw, Esq.<br>Alan D. Sweetbaum, Esq.<br>Sweetbaum, Levin & Sands, P.C.<br>1125 Seventheenth Street, Suite 2100<br>Denver, Co 80202<br>*Attorneys for Third Party Defendant Stewart Title of*<br>*California, Inc.* | Byeongsook Seo, Esq.<br>Isaacson Rosenbaum P.C.<br>1001 17th Street, Suite 1800<br>Denver, CO 80202<br>*Attorneys for Third Party Defendant Orange Coast Title*<br>*Company of Southern California* |
| Markus D. Self, Esq.<br>Green & Hall, APC<br>1851 East First Street, 10th Floor<br>Santa Ana, CA  92705<br>*Attorneys for Third Party Defendant Orange Coast Title*<br>*Company of Southern California* | Ivan Call, Esq.<br>Seymour Joseph, Esq.<br>Karsh, Fulton, Gabler & Joseph, P.C.<br>950 South Cherry Street, Suite 710<br>Denver, CO  80246<br>*Attorneys for Third Party Defendant Lawyers Title*<br>*Company* |
| Timothy J. Vanagas, Esq.<br>800 SE 181st Avenue<br>Portland, OR  97233<br>*Attorneys for Third Party Defendants Terry & Linda*<br>*Anderson; Brian L. Barker; Sharlene P. Bentley; Robin*<br>*& Margaret Freestone; Donald & Sharon Grubb;*<br>*Terence & Donna Hafler; Charles & Barbara Hess;*<br>*Kenneth Ingram; Simon & Janna Kroon; Tracy Larson;*<br>*Thomas & Louise Mitchell; Peter & Julie Paso; James*<br>*& Joann Phillips; Doug Ranglack; Louis & Deborah*<br>*Sassali; and Sheliah A Williams.* | Tammy M. Alcock, Esq.<br>Sweetbaum, Levin & Sands, PC<br>1125 17th Street, Suite 2100<br>Denver, CO  80202<br>talcock@sweetbaumlevinsands.com |

# UNITED STATES DISTRICT COURT

for the
District of Utah

| | | |
|---|---|---|
| Security Service Federal Credit Union | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 08-cv-00955-WYD-CBS |
| First American Mortgage Funding, LLC, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Colorado      ) |

*Not owner*

## SUBPOENA DUCES TECUM TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Aspen Mortgage, Inc. c/o Kenneth North, 6376 Crest Mount Circle, Holladay, UT 84212-6349

      **X** *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
      See Exhibit "A" attached hereto.

| | |
|---|---|
| Place:   National Court Reporters, Inc. | Date and Time: April 1, 2011 at 12:00 pm |
|       333 South Rio Grande | |
|       Salt Lake City, UT  84101 | |

The deposition will be recorded by this method: by audio, video, and stenographic means.

      **X** *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
      See Exhibit "B" attached hereto.

      The provisions of Fed.R.Civ.P.45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: February 9, 2011

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Tammy M. Alcock, #39810* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party):* **Stewart Title of California,** who issues or requests this subpoena, is:
Tammy Alcock, Sweetbaum, Levin and Sands, P.C., 1125 17th Street, Suite 2100, Denver, CO 80202, Tel.: (303) 296-3377, Fax: (303) 296-7343

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)
Civil Action No. 08-cv-00955-WYD-CBS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed.R.Civ.P. 45.)*

This subpoena for *(name of individual and title, if any)*: **Aspen Mortgage, Inc.** was received by me on
*(date)*_____.

☐   I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)*_____ ; or

☐   I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I
have also tendered to the witness fees for one day's attendance, and the mileage allowed by law,
in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____:_____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply; **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: **(i)** disclosing a trade secret or other confidential research, development, or commercial information; **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A to Subpoena for 30(b)(6) Deposition

Pursuant to Federal Rules of Civil Procedure 30(b)(6), defendant Stewart Title of California requests that you designate and produce one or more officers, directors, managing agents, or other persons to testify on your behalf as to the following matters:

1. Your organizational structure including the identities and titles of your officers, directors, shareholders, members, managers, and their respective responsibilities from January 1, 2004 to the present;

2. Your relationship with any of the following: New Horizons Community Credit Union, Security Services Federal Credit Union, First American Mortgage Inc., First American Mortgage Funding LLC, Construction Disbursement Services Inc., Richard Ehline, Ehline Co, Paradise View Rancho Mirage LLC, Stewart Title of California, Kathy Wenger, Nexidis LLC, Burton Miller, Simon Juhlin, Kenneth North, Sundance Mortgage LLC, New Century Builders LLC, Aspen Home Loans, William Bledsoe, Abbott Appraisals, Gilger Homes, Kirk Gilger, Kevin Jordan, William DePuy, Jeffrey Jordan, Shaun Jordan, Mark Campbell, The Artisan Group, LLC;

3. All transactions or dealings involving the real property located at The Quarry in La Quinta, California, including Lot numbers 1, 3, 5, and 7 of that development ("the Property");

4. All funds paid to or received from any person or entity in connection with the Property;

5. All communications with any person or entity concerning the Property;

6. All loan documents regarding the Property;

7. All closing documents regarding the Property;

8. All HUD statements regarding the Property; and

9.   All agreements or contracts with any of the above individuals or entities;

10. All loan applications relating to the Property;

11. All marketing or sales materials relating to the Quarry;

12. All marketing or sales efforts, contracts, communications, transactions or relationship

    with Nexidis LLC;

13. The conveyance of the Property to Paradise View Rancho Mirage LLC;

14. The guarantees relating to the Property.

## EXHIBIT B

1. All documents referring or relating to any and all loans related to the purchase or sale of the real properties as listed below (collectively, the "Properties"):
   a. Lot 1 Quarry Ranch Road, La Quinta, CA 92253;
   b. Lot 3 Quarry Ranch Road, La Quinta, CA 92253;
   c. Lot 4 Quarry Ranch Road, La Quinta, CA 92253; and
   d. Lot 7 Quarry Ranch Road, La Quinta, CA 92253.

Including, but not limited to:

   i. all correspondence with New Horizons Community Credit Union, Security Services Federal Credit Union, First American Mortgage Inc. ("FAM"), First American Mortgage Funding LLC ("FAM Funding"), Construction Disbursement Services Inc. ("CDSI"), Patrick Laing, Richard Ehline, Paul Ehline, Ehline Co., Paradise View Rancho Mirage LLC, First American Title Insurance Company ("FATIC") and any and all employees or representatives of FATIC, Lawyer's Title company ("Lawyer's Title") and any and all employees or representative of Layer's Title, Stewart Title of California, Inc., ("Stewart") and any and all employees or representatives of Stewart, Orange Coast Title Company ("Orange Coast") and any and all employees or representatives of Orange Coast, North American Title Company of Colorado ("North American") and any and all employees or representatives of North American, Kathy Wenger, Nexidis LLC, Burton Miller, Simon Juhlin, Jared Schneider, Sundance Mortgage, New Century Builders, Aspen Home Loans, Aspen Mortgage, Inc., William Bledsoe, Abbott Appraisals, Gilger Homes, Kirk Gilger, Kevin Jordan, Trever Hinckley, William DePuy, Jeffrey Jordan, Shaun Jordan, Mark Campbell, The Artisan Group, LLC;
   ii. all loan documents;
   iii. all closing documents;
   iv. all notes;
   v. all financial statements regarding the Properties;
   vi. all documents relating to your ownership or membership interests in all of the above entities;
   vii. all HUD statements; and
   viii. all agreements or contracts with any of the above individuals or entities.

2. All correspondence with any other person or entity concerning the Properties or this lawsuit.

3. All marketing or sales materials, contracts, correspondence and other documents relating to Nexidis LLC.

4. All documents, including but not limited to marketing materials, correspondence, banking records, financial statements, and personnel records relating to New Century Builders, Sundance Mortgage, Aspen Home Loans, Affordable Home Loans, and The Artisan Group.

5. All documents relating to any Buyer Partners including but not limited to fees, commissions, and proof of monies received from or paid to them.

6. All marketing or sales materials, contracts, correspondence and other documents relating to First American Mortgage Inc., First American Mortgage Funding LLC, or Gilger Homes.

7. All documents relating to any guarantees on the Properties.

8. All checks, invoices, receipts, bank statements or other documents evidencing, referring to or relating to payments received from any person or entity relating to the purchase or sale of the Properties.

9. All documents relating to disbursements of any construction loan for the Properties.

10. All documents evidencing construction work performed on the Properties.

11. All documents evidencing travel by you to inspect or view the Properties.

12. All correspondence with the borrowers of the Properties as listed below (collectively, the "Borrowers"):

   a. Sharlene P. Bentley, 1170 Eaglewood Loop N. Salt Lake, UT 84054;
   b. Kenneth Ingram, 1362 Charles St.,; North Providence, RI;
   c. Joann Marguilies Smith-Suggs, 1112 Paine Ct., Raleigh, NC; and
   d. Benjamin and Pua'ala Wong, 829 Mokulua Dr., Kailua, HI 96734.

13. All correspondence referring to or pertaining to the Borrowers.

14. All documents regarding the valuation of any of the Properties.

15. All documents to or from NCUA regarding any of the Properties.

16. All documents relating to Jim Rooney or any other audit concerning the Properties.

17. All documents concerning the evaluation, purchase or transfer of the Properties from New Horizons Community Credit Union to NCUA and/or to SSFCU.

18. All documents, including correspondence and notes of conversations and meetings between you and anyone at FAM, FAM Funding, or CDSI.